IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LIFELINE FOODS, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-6144-CV-SJ-ODS |
| | ) | |
| UNITED GRAIN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND OPINION DENYING MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

Pending is Plaintiff's Motion for Partial Summary Judgment (Doc. #48) and Defendant's Motion to Strike (#74). For the following reasons, the Motions are denied.

### I. BACKGROUND

Plaintiff is a Missouri Limited Liability Company, whose sole member is AgraMarke Quality Grains Inc., a Missouri corporation with its principal place of business located in St. Joseph, Missouri. Plaintiff manufactures high-quality food products from grain, including Corn/Soy Blended product ("CSB") . Defendant is a Kansas corporation with its principal place of business in Scandia, Kansas. Defendant produces various soybean products, including soybean flour.

Between February 2004 and July 2005, Plaintiff purchased over 8.7 million pounds of soy flour from Defendant. Plaintiff mixes the soybean flour it purchases from Defendant with corn meal and sells the finished product to the United States Department of Agriculture (USDA). The USDA supplies the blended product to developing nations around the world as food product. Plaintiff submitted a purchase order to Defendant in August 2005, purchasing 4.2 million pounds of soy flour. In September 2005, Plaintiff tested the soybean flour and discovered it was contaminated with salmonella bacteria. Plaintiff had already received approximately 700,000 pounds of soybean flour from Defendant, and approximately 502,000 pounds of the soybean

flour had already been processed for the USDA. The remaining 198,000 pounds of soybean flour had been placed in storage bins. Plaintiff notified Defendant it was rejecting the contaminated soybean flour and Defendant made arrangements to transport the contaminated soybean flour from Plaintiff's plant in Missouri back to its mill in Kansas and accepted return of the 198,000 pounds of soybean flour in storage. However, Defendant refused to accept return of any of the soybean flour that had been processed into the corn/soy blend product. In December 2005, Plaintiff filed an action for declaratory judgment and breach of express and implied warranties. Plaintiff then filed the instant Motion for Partial Summary Judgment, and Defendant filed a Motion to Strike portions of Michael J. Sobetski's affidavit.

## II. DISCUSSION

A. Choice of Law

    Defendant contends Kansas law governs this dispute. Plaintiff is silent on this issue. When resolving choice of law issues, Missouri applies the "most significant relationship" test. Sheehan v. Nw. Mut. Life Ins. Co., 44 S.W.3d 389, 396 (Mo. App. 2000). Based upon where the contract was formed, negotiated and performed, the Court tends to agree with Defendant.

B. Motion to Strike

    Defendant argues the Court should strike Paragraphs 6 and 7 of Michael J. Sobetski's affidavit because his statements are inconsistent with previous deposition testimony. In his August 31, 2006 deposition, Sobetski testified about government-required testing, stating that in September 2005, the government issued the CSB 10 which required samples from each production lot to be tested by the producer. He testified the prior regulation– CSB 9– did not require testing for salmonella. Specifically, Sobetski stated the government specifications prior to September 2005 did not required CSB to be salmonella-free. In Sobetski's affidavit, Paragraphs 6 and 7 state:

    6.    At Lifeline's request, United provided Lifeline with samples of soy flour.

2

> Lifeline tested the samples it received from United for salmonella, e-coli, protein and fat. The results of the tests were all favorable. True and correct copies of the results of the tests are collectively attached to this Affidavit as Exhibit A. Based upon the favorable test results, Lifeline agreed to purchase soy flour from United.
>
> 7. Lifeline relied upon the samples it received from United. If the test results on those samples had been unfavorable, particularly if the samples had tested positive for salmonella, Lifeline would have never purchased any soy flour from United.

In his deposition, Sobetski is discussing the common and regulatory practice of testing incoming soy flour. In his affidavit, he addresses the actual testing of soy flour performed by Plaintiff prior to purchase. When the affiant's affidavit does not actually contradict his earlier testimony, the Court should not strike the affidavit from the record. Bass v. City of Sioux Falls, 232 F. 3d 615, 618 (8th Cir. 1999). Accordingly, Defendant's Motion to Strike is denied.

C. Summary Judgment

1. Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing

3

that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

2. Breach of Express Warranty

Under the Uniform Commercial Code, a claim for breach of express warranty requires 1) a sale of goods took place; 2) the seller made an express warranty relating to the goods; 3) the express warranty was a material factor inducing the buyer to purchase the goods; 4) the goods did not conform to the express warranty; 5) the buyer suffered damages as a result of the nonconformity; and 6) the buyer notified the seller of the nonconformity in a timely fashion. There is a genuine issue of material fact as to what, if any, express warranties were made concerning the product and its salmonella content. Certainly, none are expressed in the contract, and the record does not conclusively establish any were made elsewhere. Plaintiff's Motion for Partial Summary Judgment on Plaintiff's claim of Breach of Express Warranty is denied.

3. Breach of Implied Warranty of Merchantability

Under the UCC, a claim for breach of implied warranty of merchantability, Plaintiff must establish: 1) a sale of goods took place; 2) the seller was a merchant; 3) the goods were not merchantable; 4) the buyer suffered damages because the goods were not merchantable; and 5) the buyer notified the seller that the goods were not merchantable in a timely fashion.  There is a genuine issue of material fact as to whether the evidence of salmonella in the grain rendered the goods  "not merchantable."  Further, the Court believes that the product can readily be made merchantable, and, in this industry, often is made merchantable by the purchaser. If so, this fact might well defeat Plaintiff's claim of breach implied warranty of merchantability in any event.[1]

### III. CONCLUSION

---

[1] Factual disputes remain regarding when Defendant first learned Plaintiff intended to use the product for human consumption. However, this fact is irrelevant to claims discussed herein.

4

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is denied and Defendant's Motion to Strike is denied.

IT IS SO ORDERED.

                                                       /s/Ortrie D. Smith
                                                       ORTRIE D. SMITH, JUDGE
DATE: May 1, 2007                                UNITED STATES DISTRICT COURT